PER CURIAM
*332 *488 Petitioners petition for reconsideration of our decision in Kinzua Resources v. DEQ , 295 Or. App. 395, 434 P.3d 461 (2018). Specifically, petitioners argue that the opinion contains a factual error at 295 Or. App. at 401 n. 4, 434 P.3d 461. That footnote states:
"Like Frontier and ATR, Demers argues on appeal that the commission erroneously construed ORS 459.205 and ORS 459.268. Demers does not separately contend that, to the extent his personal conduct otherwise constituted 'controlling' under those statutes, he acted merely as an agent of Kinzua or another business entity and therefore cannot be held personally liable."
Id. (emphasis in original). Petitioners argue that the fact that Demers "acted merely as an agent of Kinzua" was a central point in his defense and one raised throughout his briefing on appeal. Although we decline petitioners' request that we "correct" footnote 4 because we find no error, we write to briefly elaborate on the footnote so as to avoid confusion on remand.
Petitioners' argument on appeal was that Demers's personal conduct did not constitute "controlling" under ORS 459.205 and ORS 459.268. As we understood petitioners' argument, it was that Demers's actions could not be deemed controlling under those statutes, regardless of whether he engaged in those acts on his own behalf or on behalf of Kinzua or another business entity. That is, petitioners did not argue that, even assuming that Demers's conduct could be considered controlling if he had engaged in that conduct on his own behalf, it could not be considered controlling here, because agency principles would render his acts the acts of Kinzua or some other entity, and not the acts of Demers, personally. Rather than argue that, as a matter of agency law, only Demers's principal-whether Kinzua or otherwise-could be held liable for his conduct, petitioners focused their argument on the nature of the conduct itself. Although petitioners repeatedly characterized Demers's conduct as the acts of a "mere agent," we understood petitioners' argument to be that Demers's acts were merely incidental acts not rising to the level of actual control. For that reason, *489 we concluded that petitioners had not contended that, "to the extent his personal conduct otherwise constituted 'controlling' under those statutes, he acted merely as an agent of Kinzua or another business entity and therefore [could not] be held personally liable." Id. (emphasis in original). We adhere to that understanding.
Reconsideration allowed; former opinion adhered to.